

ORDERED in the Southern District of Florida on DEC 15 2008

Erik P. Kimball, Judge
United States Bankruptcy Court

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
WEST PALM BEACH DIVISION

In re:                                             CASE NO.: 08-28469-EPK

PROVEN METHODS SEMINARS, LLC,     Chapter 11

Debtor.
_____/

**MEMORANDUM ORDER OVERRULING OBJECTIONS TO FIRST DAY MOTIONS**

This matter came before the Court on an application and three motions (together, the "First Day Motions") filed by Proven Methods Seminars, LLC (the "Debtor"), and objections thereto (the "Objections") filed by Convergence Group, RGC Communications, and Walmac Color Graphics (together, the "Objecting Parties"). The Objecting Parties ask the Court to take no action on the First Day Motions. They contend that proceedings in this case are stayed pursuant to Fed. R. Bankr. P. 1014(b) ("Rule 1014(b)") as a result of an involuntary Chapter 7

Page 1 of 8

petition previously filed against the Debtor in the United States Bankruptcy Court for the Northern District of Illinois (the "Illinois Court"). For the reasons stated below, the Court rules that unless and until a motion is filed in the Illinois Court under Rule 1014(b) proceedings in this case are not stayed. Consequently, the Objections are overruled.[1]

## I. Jurisdiction

The Court has jurisdiction over this matter under 28 U.S.C. §§ 1334 and 157(a) and the standing order of reference in this District. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A).

## II. Findings of Fact

The following facts are not disputed.

On November 26, 2008, the Objecting Parties filed an involuntary Chapter 7 petition against the Debtor in the Illinois Court.

On December 3, 2008, the Debtor filed a voluntary Chapter 11 petition in this Court commencing the present case.

The Debtor filed the First Day Motions on December 8 and 9, 2008. The First Day Motions comprise:

(a) *Debtor's Application for Order Authorizing the Employment of Barry P. Gruher and the Law Firm of Genovese Joblove & Battista, P.A., as Counsel for Debtor-in-Possession Nunc Pro Tunc to Petition Date* (DE 12);

(b) *Debtor's Amended Emergency Motion for the Entry of an Order (I) Authorizing the Payment of Pre-Petition Wages, Salaries, Commissions and Employee Benefits (II) Authorizing the Debtor to Continue the Maintenance of Employee Practices and Benefit Plans*

---

[1] This memorandum order constitutes the Court's findings of fact and conclusions of law consistent with Fed. R. Bankr. P. 7052.

*and Programs in the Ordinary Course and (III) Directing All Banks to Honor Pre-Petition Checks for Payment of Pre-Petition Employee Obligations* (DE 13);

(c) *Debtor's Amended Emergency Motion for an Order Pursuant to 11 U.S.C. §§ 105(a), 365 and 507(a)(7) Authorizing the Debtor to Honor Customer Satisfaction Programs and to Continue Certain Customer Practices* (DE 14); and

(d) *Debtor's Amended Emergency Motion for an Order Pursuant to 11 U.S.C. §§ 105, 345 and 363 Authorizing (A) Continued Maintenance of Existing Bank Accounts, (B) Continued Use of Existing Cash Management System, and (C) Continued Use of Existing Business Forms* (DE 15).

On December 10, 2008, the Objecting Parties filed their Objections consisting of multiple copies of the same document each entitled *Objection to (A) Amended Emergency Motion for Order Pursuant to 11 U.S.C. §§ 105(a), 365 and 507(a) Authorizing Debtor to Honor Customer Satisfaction Programs and to Continue Certain Customer Practices; (B) Motion for a [sic] Pre-Petition Wages Filed by Debtor; (C) Amended Emergency Motion for Maintenance of Existing Bank Accounts; and (D) Application to Employ Barry R. Gruher as Counsel* (DE 21, 22, 23, 24, 25, and 26).

The Court held a hearing on the First Day Motions on December 11, 2008. At that time the Court heard argument on the First Day Motions and the Objections.

As of December 11, 2008, the involuntary petition and summons had not been served on the Debtor as required by Fed. R. Bankr. P. 1010 and 7004, and no motion had been filed with the Illinois Court requesting relief under Rule 1014(b).

### III. Conclusions of Law

Rule 1014(b) provides as follows:

If petitions commencing cases under the Code are filed in different districts by or against (1) the same debtor, or (2) a partnership and one or more of its general partners, or (3) two or more general partners, or (4) a debtor and an affiliate, on motion filed in the district in which the petition filed first is pending and after hearing on notice to the petitioners, the United States trustee, and other entities as directed by the court, the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed. Except as otherwise ordered by the court in the district in which the petition filed first is pending, the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made.

Prior to the commencement of this case, the Objecting Parties filed an involuntary Chapter 7 petition against the Debtor in the Illinois Court.[2] Because of the existing involuntary case, the filing of the petition in this case triggers Rule 1014(b). For present purposes, it is not relevant whether the involuntary petition and summons were served on the Debtor, whether the involuntary petition is contested, or whether an order for relief has been entered as a result of the involuntary petition.

The Objecting Parties argue that Rule 1014(b) imposes an automatic stay of proceedings in this case solely because this case was filed after the involuntary petition in the Illinois Court, whether or not a motion was filed under Rule 1014(b). The Objecting Parties' interpretation of Rule 1014(b) is incorrect for two reasons. First, Rule 1014(b), read as a whole, imposes a stay of proceedings only upon the filing of a motion requesting relief under the rule. Second, the Objecting Parties' construction of the rule could lead to illogical results, particularly where the concurrent cases involve different debtors, and the Court must avoid construing the rule in such a manner.

---

[2] The filing of an involuntary petition commences a case. 11 U.S.C.§ 303(b).

When interpreting Rule 1014(b), the Court must closely review the text of the rule, as a whole, and attempt to harmonize all its provisions. *See Universal Am. Mortgage Co. v. Bateman (In re Bateman),* 331 F.3d 821, 825-26 (11th Cir. 2003). The Court should focus on the plain meaning of the rule. *See United States v. Ron Pair Enters.,* 489 U.S. 235, 242 (1989) (quotation omitted). To the extent possible, the Court must avoid a construction that results in an illogical or inconsistent application of the rule. *See Graupner v. Nuvell Credit Corp. (In re Graupner),* 537 F.3d 1295, 1302 (11th Cir. 2008) (quotations and internal citation omitted).

The text of Rule 1014(b), read as a whole, does not support the interpretation presented by the Objecting Parties. The first sentence of Rule 1014(b) provides that "on motion filed in the district in which the petition filed first is pending . . . the court may determine, in the interest of justice or for the convenience of the parties, the district or districts in which the case or cases should proceed." This provision requires the filing of a motion. The second sentence of Rule 1014(b) provides "the proceedings on the other petitions shall be stayed by the courts in which they have been filed until the determination is made" by the court hearing the first filed case. The phrase "the determination" refers to the venue determination addressed in the first sentence, which in turn requires the filing of a motion. The stay arises when a determination is called for under Rule 1014(b). A determination is called for only when a motion has been filed. If no motion has been filed pursuant to Rule 1014(b), no stay arises.[3]

The Objecting Parties' construction of Rule 1014(b) could lead to illogical results, particularly where the concurrent cases involve different debtors, and the Court must avoid construing the rule in such a manner. Consider, for example, an entity that manages all

---

[3] There may be circumstances where the court hearing the first filed case learns of a concurrent case that would be subject to Rule 1014(b) and determines, *sua sponte*, that judicial action is required. Nothing in the rule prohibits the court hearing the first filed case from taking action without a filed motion. However, absent a filed motion or separate order of the court, there is no stay.

operations of a business owned by another entity, pursuant to an operating agreement. The manager has significant other activities, managing businesses for numerous parties. Assume the business owner and then the manager file bankruptcy petitions in separate districts. Rule 1014(b) applies because the manager is an affiliate of the business owner. 11 U.S.C. § 101(2). Under the Objecting Parties' view, Rule 1014(b) would automatically stay proceedings in the manager's case. There could be substantial harm to parties in interest in the manager's case if proceedings therein were automatically stayed merely because of the prior existence of the business owner's case, without motion or court intervention. This is an illogical result and clearly was not intended by the drafters of Rule 1014(b). If, instead, a motion is filed in the business owner's case under Rule 1014(b), it is appropriate for proceedings in the manager's later filed case to be stayed pending a determination of the motion. Because the Court must construe Rule 1014(b) consistently whether the concurrent cases involve a single debtor or different debtors, the same construction applies here.

This Court's approach is consistent with other decisions considering the effect of Rule 1014(b). *In re United Press Int'l, Inc.,* 134 B.R. 507 (Bankr. S.D.N.Y. 1991); *In re Shapiro,* 128 B.R. 328 (Bankr. E.D.N.Y. 1991). The Debtor cites *In re Bagel Bros. Bakery & Deli, Inc.,* 220 B.R. 1 (Bankr. W.D.N.Y. 1998) for the proposition that the stay under Rule 1014(b) arises only after the court with the first filed case actually hears a motion filed under the rule and only to the extent ordered by such court. This Court declines to adopt the construction of Rule 1014(b) used by the court in *Bagel Bros.* because it appears to go beyond the text of the rule.

While the Court determines that proceedings in this case are not currently stayed under Rule 1014(b), the Court will grant the First Day Motions only to the extent necessary to avoid irreparable harm to the Debtor and parties in interest in this case. Based on the presentation of

the parties at the hearing in this case on December 11, 2008, it appears likely that a motion under Rule 1014(b) will be filed in the Illinois Court. Under Rule 1014(b), only the Illinois Court may decide venue issues arising as a result of the competing petitions. In the meantime, this Court will enter separate orders (a) granting the Debtor's application to retain bankruptcy counsel (DE 12) on an interim basis, in the Court's usual form consistent with the requirements of Fed. R. Bankr. P. 6003, subject to further hearing to be set more than 20 days after the filing of the petition in this case, (b) continuing the hearing on the Debtor's motion for authority to pay pre-petition wages and benefits and requesting related relief (DE 13) to December 18, 2008 at 1:30 p.m., (c) granting the Debtor's motion for authority to honor its customer satisfaction programs and continuing certain customer practices (DE 14) on an interim basis through and including December 18, 2008, and scheduling a continued hearing on such motion on the same date at 1:30 p.m., and (d) granting the Debtor's motion for maintenance of existing bank accounts (DE 15) on an interim basis through and including December 18, 2008, and scheduling a continued hearing on such motion on the same date at 1:30 p.m.

Accordingly, it is

**ORDERED AND ADJUDGED** that the Objections are **OVERRULED.**

###

Copies Furnished To:

Proven Methods Seminars, LLC
POB 811209
Boca Raton, FL 33481

Barry P Gruher
200 E Broward Blvd # 1110
Ft Lauderdale, FL 33301

RGC Communications
c/o Scott N. Schreiber
Stahl Cowen Crowley Addis, LLC
55 West Monroe St.
Suite 1200
Chicago, IL 60603

Convergence Group
c/o Scott N. Schreiber
Stahl Cowen Crowley Addis, LLC
55 West Monroe St.
Suite 1200
Chicago, IL 60603

Walmac Color Graphics
c/o Scott N. Schreiber
Stahl Cowen Crowley Addis LLC
55 West Monroe St.
Suite 1200
Chicago, IL 60603

Chad Paiva
One Clearlake Centre
250 Australian Ave #1010
West Palm Bch, FL 33401

AUST